IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORNELIUS DON BROOKS, | ) | |
| ID # 11007689, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:11-CV-556-N-BH |
| | ) | |
| NFN PALK, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed for want of prosecution.

**I. BACKGROUND**

On March 17, 2011, Plaintiff filed a *pro se* civil complaint against two police officers and the Dallas Police Department and moved to proceed *in forma pauperis* (IFP). (*See* doc. 2). By order dated March 18, 2011, Plaintiff was advised that his IFP application did not provide enough information to decide whether IFP status was appropriate because the attached Certificate of Inmate Trust Account had not been properly completed or signed. He was ordered to submit a properly completed and signed certificate within thirty days and specifically advised that failure to do so could result in dismissal of his case for failure to prosecute. *Id.* More than thirty days have passed, but Plaintiff has not filed the required certificate of trust account or anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent

power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated March 18, 2011, Plaintiff was given thirty days to submit the required certificate of trust account so that the Court could decide his IFP application, and he was specifically warned that failure to do so could result in dismissal of this action. Because he failed to follow a court order or otherwise show that he intends to proceed with his case, Plaintiff's case should be dismissed under Rule 41(b).

### III. RECOMMENDATION

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 10th day of May, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE